COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| DANIELLA S. YTUARTE, | | No. 08-10-00134-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | County Criminal Court at Law No. 1 |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20080C06202) |
| | § | |

**O P I N I O N**

Daniella S. Ytuarte pleaded guilty to misdemeanor driving while intoxicated.  On  appeal to this Court, she challenges the trial court's denial of her motion to suppress.  We affirm.

**BACKGROUND**

Ytuarte was charged by information with misdemeanor driving while intoxicated.  *See* TEX. PENAL CODE ANN. § 49.04(a) (West 2011).  She later filed a motion to suppress any  evidence[1] obtained as a result of her detention by police (see discussion below), on the ground that the detention had been carried out "without lawful warrant, probable cause or other lawful authority," in violation of the Fourth Amendment to the Constitution of the United States.

The trial court held an evidentiary hearing on Ytuarte's motion to suppress.  At the start of the hearing, the State stipulated that Ytuarte's detention and arrest had been carried out without a

---

[1]  Ytuarte's motion did not identify what evidence she wanted suppressed, but it appears from the record that she was concerned about the results of field sobriety and intoxilyzer tests administered to her after she was detained.  Properly, a motion to suppress will identify what evidence the defendant wants suppressed, so that the State and the trial court are not left guessing how the defendant was harmed by the allegedly illegal government activity.  *Amador v. State*, 275 S.W.3d 872, 874 n.3 (Tex. Crim. App. 2009).

warrant.[2] The State then called its only witness,[3] El Paso Police Officer Enrique Davila, Jr., who testified as follows: On May 16, 2008, at approximately 12:30 a.m., Davila drove his patrol car northbound on Mesa Street, a six-lane thoroughfare on the west side of El Paso. As he drove, Davila noticed Ytuarte a short distance ahead of him, driving a small car northbound in the inside lane. As Davila watched, Ytuarte "swerved" from left to right within the inside lane and then, without signaling a lane change, she "swerved" a bit more than halfway into the center lane and then back into the inside lane. Shortly thereafter, she turned left onto Executive Center Boulevard. Davila followed. Once on Executive Center, Ytuarte "swerv[ed] towards the turn lane," again without signaling, and then returned to the westbound traffic lane. At that point, Davila initiated a traffic stop. During the stop, Davila determined that Ytuarte was intoxicated. Davila testified further that he had stopped Ytuarte "[f]or the traffic violation only."[4]

At the close of Davila's testimony, Ytuarte argued to the trial court that it should grant her motion to suppress because Davila, at the time and place in question, had neither reasonable suspicion nor probable cause to stop her for a traffic offense. Ytuarte also informed the trial court that she intended to submit a brief on the matter. The State responded that Davila had "plenty of reasonable suspicion" to stop Ytuarte because there had been "two instances where she weaved outside of her lane." The trial court stated that it would defer its ruling until after it had read

---

[2] If it is established that the defendant was seized without a warrant, then, under the Fourth Amendment, the State has the burden to prove that the seizure was reasonable under the totality of the circumstances. *Russell v. State*, 717 S.W.2d 7, 9-10 (Tex. Crim. App. 1986).

[3] Ytuarte presented no witnesses at the suppression hearing.

[4] Texas Transportation Code section 545.104(a) provides that "[a]n operator shall use [a turn] signal . . . to indicate an intention to turn, change lanes, or start from a parked position." TEX. TRANSP. CODE ANN. § 545.104(a) (West 2011).

Ytuarte's brief.

Ytuarte filed her brief in the trial court a month later. In her brief, Ytuarte argued that, under Texas Transportation Code section 545.060(a), a person committed a traffic offense only if he "mov[ed] out of a marked lane when it [was] not safe to do so."[5] Her argument continued:

> In the instant case, the government presented no evidence that defendant's failure to drive in a single lane was unsafe. There was no [evidence] . . . that another vehicle was next to defendant's vehicle at any point. The officer did not testify that a vehicle was next to defendant's vehicle at any point when defendant allegedly failed to maintain a single lane. Nor was there any testimony from the officer that defendant crossed the center lane into oncoming traffic. At no point did the officer state that the movements of defendant's vehicle were unsafe or dangerous.

The trial court denied Ytuarte's motion to suppress. After that Ytuarte pleaded guilty to misdemeanor driving while intoxicated, as charged in the information. The trial court assessed her punishment at incarceration for 180 days and a fine of $500, both probated for a period of one year.

On appeal to this Court, Ytuarte brings one issue, in which she argues that the trial court erred in denying her motion to suppress. More specifically, Ytuarte argues, as she did below, that Davila never had "reasonable suspicion that [she] had . . . violat[ed] . . . section 545.060 of the Texas Transportation Code" because he "never testified any of [her] movements while operating her vehicle . . . were unsafe." Ytuarte argues further that Davila never testified that he initiated the traffic stop because he suspected she was intoxicated.

The State argues in response that the trial court did not err in denying Ytuarte's motion to suppress because Davila's testimony showed that he had reasonable suspicion to stop Ytuarte for

---

[5] Texas Transportation Code section 545.060(a) provides that "[a]n operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely." TEX. TRANSP. CODE ANN. § 545.060(a) (West 2011).

driving while intoxicated or for failing to signal a lane change. The State also argues that Davila's stated reason for his stop of Ytuarte is irrelevant.

## DISCUSSION

A trial court's ruling on a motion to suppress is reviewed on appeal for abuse of discretion. *Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008). In other words, the trial court's ruling will be upheld if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Id.* at 418.

The Fourth Amendment prohibits "unreasonable searches and seizures" by the government. U.S. CONST., amend. IV. This protection, made applicable to the states by the due process clause of the Fourteenth Amendment, *Wolf v. Colorado*, 338 U.S. 25, 27-28 (1949), extends to brief investigatory detentions (or "stops") of persons that fall short of traditional arrest, *United States v. Arvizu*, 534 U.S. 266, 273 (2002). In such cases, the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion, i.e., a particularized and objective basis for suspecting the person stopped of criminality. *Id.* If such a particularized and objective basis exists, then the investigatory detention is reasonable as a matter of law, regardless of the officer's subjective motivation. *Whren v. United States*, 517 U.S. 806, 812-13 (1996).

A person commits a criminal offense if he operates a motor vehicle in a public place while intoxicated. TEX. PENAL CODE ANN. § 49.04(a) (West 2011). For the purposes of this offense, "intoxicated" means, in relevant part, not having the normal use of one's mental or physical faculties by reason of the introduction of alcohol or any other substance into the body. TEX. PENAL CODE ANN. § 49.01(2) (West 2011).

After reviewing the record, we discern no abuse of discretion on the part of the trial court in

4

its denial of Ytuarte's motion to suppress. Davila testified at the suppression hearing that, on May 16, 2008, at around half past midnight, he observed Ytuarte drive erratically and leave her lane of traffic repeatedly without signaling and that she did all of that on public streets. Given that testimony, which the trial court was entitled to believe, the trial court could have reasonably concluded that, at the time and place in question, Davila had a particularized and objective basis for suspecting Ytuarte of driving while intoxicated. In view of this, we need not reach the question of whether the trial court could have also reasonably concluded that Davila had a particularized and objective basis for suspecting Ytuarte of failing to signal a lane change.

## CONCLUSION

On this record, the trial court could have reasonably concluded that Davila's stop of Ytuarte did not violate the Fourth Amendment because it was supported by reasonable suspicion of criminality on her part. Thus, the trial court's denial of Ytuarte's motion to suppress is reasonably supported by the record and is correct under a theory of law applicable to this case. We overrule Ytuarte's sole issue and affirm the judgment of the trial court.


GUADALUPE RIVERA, Justice

November 2, 2011

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)

5